**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
FRITZ NOEL,

                                Plaintiff,

                - against -

INCORPORATED VILLAGE OF LAKE
SUCCESS, ROBERT JOHNSTON, and
SCOTT CURRY,

                              Defendants.
-----------------------------------------------------------X

**ORDER**

CV 13-211 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Incorporated Village of Lake Success (the "Village"), Robert Johnston and Scott Curry (collectively, the "Defendants") move *in limine* for an Order excluding certain evidence, witnesses and testimony from trial based on claims which (1) were dismissed in the Court's March 31, 2015 Memorandum and Order, granting in part and denying in part Defendants' motion for summary judgment and/or (2) pre-date the June 3, 2010 Settlement Agreement and release (the "Agreement) entered into by the parties. *See* DE 61, 62. Defendants claim that the Plaintiff improperly seeks to re-litigate barred claims and to introduce evidence for a third time at trial. In opposing the motion, Plaintiff states that notwithstanding the Court's March 31, 2015 decision [DE 47] that it would not consider "facts pre-dating the June 2010 Settlement Agreement as 'background evidence' for the post-settling claims being pursued in this action," this Court "retains discretion to admit or preclude any evidence at trial and the court did not state in its decision that background evidence would not be admissible at trial to prove intent or discriminatory and retaliatory animus." DE 67.

The Court has carefully reviewed and considered the arguments set forth by respective counsel in the papers both supporting and opposing the motion to preclude. The purpose of a motion *in limine* "is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758, 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Highland Capital Mgmt., L.P. v. Schneider, 379 F.Supp.2d 461, 467 (S.D.N.Y.2005). When a party moves to preclude evidence by means of an *in limine* motion, the court is required to determine preliminarily under Fed.R.Evid. 104 whether the evidence is admissible. *See Highland Capital Mgmt., L.P.*, 379 F.Supp.2d at 467 (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01–CV–3796, 2004 WL 1970144, at *4 (S.D.N.Y. Sept.3, 2004). "[O]nly when the evidence is clearly inadmissible on all potential grounds" should such evidence be excluded on a motion *in limine*. *Commerce Funding Corp.*, 2004 WL 1970144 at *4 (citing *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94–CV–5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept.25, 1998)); accord *Sec. Exch. Comm'n v. U.S. Envtl, Inc.*, No. 94–CV–6608, 2002 WL 31323832, at *2 (S.D.N.Y.Oct.16, 2002). It should be noted that an *in limine* ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the ... proffer." *Highland Capital Mgmt., L.P.*, 379 F.Supp.2d at 467 (quoting *Luce v. United States*, 469 U.S. at 41).

By contrast, the purpose of a motion *in limine* is *not* to provide a party with another opportunity to introduce facts and make arguments that were advanced and dismissed at summary judgment. In particular, the Court points out that in its determination of the summary judgment motion, the Court stated that the claims which will proceed to trial are:

(1) Plaintiff's disparate treatment claims under Title VII (race/color and national origin), NYSHRL (race/color and national origin), and 42 U.S.C. § 1981 (race) stemming from his November 2011 suspension, and

(2) Plaintiff's retaliation claims under Title VII, NYSHRL, and 42 U.S.C. § 1981 arising from his November 2010 internal complaint to the Village and his subsequent November 2011 suspension.

DE 47 at 58. Among other things, Plaintiff's failure to promote claim and hostile work environment claims were dismissed. In reaching this decision, the Court addressed at some length what could and could not be introduced at trial based upon the rulings on the individual claims.

At the outset, the Court points out that Plaintiff did not raise a claim for breach of the June 2010 Settlement Agreement in this litigation, nor did Plaintiff move for reconsideration of the Court's decision on Defendants' motion for summary judgment. Likewise, Plaintiff did not seek an interlocutory appeal of that decision. Consequently, Plaintiff is not in a position to attempt to bring forth trial testimony which is precluded by the Court's summary judgment determination nor to raise at this juncture any issues concerning the validity of the Settlement Agreement.

Plaintiff's disparate treatment claims under Title VII, Section 1981 and the NYSHRL for trial purposes are limited to the events surrounding his November 2011 suspension. Defendants maintain that because the Plaintiff has listed witnesses and documents in the proposed Joint Pre-Trial Order ("JPTO") which predate the June 2010 Agreement -- which they believe contravenes the Court's ruling on summary judgment -- the Defendants have been forced to include witnesses and exhibits in the JPTO to address the Plaintiff's posture. As such, the Defendants seek a formal order of preclusion. *See* Memorandum of Law in Support of Defendants' Motion in Limine ("Defs.' Mem.") [DE 62] at 3. Although the Plaintiff acknowledges the Court's citation

to *Awolesi v. Shinseki*, No. 10-CV-6125, 2012 WL 527631, at *2-3 (W.D.N.Y. Feb. 16, 2012) in holding that it would not consider "facts pre-dating the June 2010 Settlement Agreement as 'background evidence' for the post-settlement claims being pursued in this action," DE 47 at 16-17, plaintiff nevertheless asserts that the Court did not state in its decision that "background evidence would not be admissible at trial to prove intent or discriminatory and retaliatory animus." Plaintiff's Memorandum of Law in Opposition to Motion in Limine ("Pl.'s Opp'n") [DE 67] at 3. As such, Plaintiff argues that the Settlement Agreement should not extend to "a blanket preclusion of the evidence of Plaintiff's former co-workers, whose testimony is key to certain aspects of Plaintiff's surviving claims pertaining to his suspension." Pl.'s Opp'n at 4-5. In fact, Plaintiff's counsel urges the Court to parse the language of the 2010 Settlement Agreement under the factors set forth in *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2d Cir. 1998) -- including, for example, the plaintiff's education, whether plaintiff consulted with an attorney at the time, what consideration was provided, etc. That ship has long sailed and Plaintiff took no action to address or timely challenge the agreement or any breach of the agreement. Moreover, *Livingston* is distinguishable on its facts. There, the plaintiff challenged the validity of the release he entered into with his employer in settling charges that he had filed with the then New York State Division on Civil Rights. *Livingston*, 141 F.3d at 436-37. The question arose whether the plaintiff lacked the mental capacity to enter into a binding settlement agreement and release since plaintiff thereafter claimed that he was "forced" to sign the agreement and was threatened with retaliation if he did not resign. *Id*. at 437. That is not the case here. The Court further points out that Plaintiff Noel certified by signing the Settlement Agreement that he had had a full and fair opportunity to consult with a representative of his

choice before executing the agreement, and that he read it carefully and understood its contents. *See* Settlement Agreement and Release [DE 63-1], ¶ 9.

Federal Rule of Evidence 402 states that "[i]rrelevant evidence is not admissible." The Federal Rules define evidence as relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Previously dismissed claims, and evidence thereof, are not 'of consequence in determining the action' and therefore will be excluded." *Gorbea*, 2014 WL 291-6964, at *2 (quoting Fed. R. Evid. 401); *see also Hamza v. Saks Fifth Ave., Inc.*, No. 07-CV-5974, 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) ( pursuant to Rules 401 and 402, excluding evidence of previously dismissed disability discrimination claims where only plaintiff's retaliatory discharge claims were at issue at trial). The Plaintiff asserts substantive discrimination claims that were addressed by the Settlement Agreement. The Court has already determined that those claims are precluded by that agreement. DE 47 at 16. Likewise, the Court has determined that it will not consider testimony offered by the Plaintiff as to background evidence which pre-dates the June 3, 2010 execution of the Settlement Agreement. *Id*. at 17. Accordingly, Defendants' motion to preclude previously dismissed claims and evidence of the same is GRANTED.

However, that is not the end of the discussion. On summary judgment, the Court declined to consider the affidavits of various co-workers of the Plaintiff who proffered sworn statements (some of which contained elements of both hearsay and opinion) as to all of the claims being pursued by the Plaintiff since most of these co-workers' terms of employment ended prior to the June 2010 Settlement Agreement. However, on the limited issue of the Plaintiff's disparate treatment claims stemming from the Plaintiff's November 2011 suspension,

Plaintiff has the right to introduce testimony as to comparators. This means that Plaintiff will be permitted to introduce evidence, through his own testimony and/or the testimony of former co-workers, to support his claim that other similarly situated non-Black and non-Haitian employees who had damaged the golf course, either by spills or other means, and who had not filed any complaints of discrimination, were treated differently from the Plaintiff. This evidence may be introduced through relevant documents (to the extent such documents exist) as well as the testimony of witnesses with first-hand knowledge of such incidents occurring both prior to and after the June 2010 Settlement Agreement. Their testimony is limited to their knowledge of such incidents and any purported disparate treatment associated with them. For the reasons stated in the Court's summary judgment decision, such witnesses will not be permitted to testify as to other areas such as the alleged hostile work environment, the alleged failure to promote the Plaintiff and the allegedly inferior work assignments given to the Plaintiff (*see* DE 47 at 28-29) since these claims have been dismissed.

As to Plaintiff's retaliation claims under Title VII, the NYSHRL, and 42 U.S.C. § 1981 arising from his November 2010 internal complaint to the Village and his subsequent November 2011 suspension, several issues need to be addressed. Based upon the retaliation claims, the Court cannot categorically preclude all mention of Plaintiff's June 11, 2009 complaint to the New York State Division of Human Rights alleging discrimination and retaliation. As noted in the summary judgment decision, the record is clear that Plaintiff engaged in protected activity on two separate occasions -- first by filing his 2009 SDHR complaint, and second, by lodging an internal complaint with the Village on November 16, 2010. DE 47 at 53. There is no dispute that the NYSDHR complaint comprises some of the protected activity upon which Plaintiff relies to prove his retaliation claim. As such, counsel for both sides will need to confer and come up

with a Stipulation which the Court can ultimately read to the jury regarding the extent of the information which shall be introduced concerning that complaint and its ultimate resolution. Counsel are directed to provide the proposed Stipulation to the Court by noon on February 26, 2016.

The Court agrees that generally speaking, in employment discrimination cases, evidence even of time-barred acts of discrimination may provide relevant background for purposes of establishing a defendant's discriminatory and retaliatory animus. This is not a statute of limitations issue in this case. Rather, for all of the reasons set forth in the Court's decision on summary judgment, the Settlement Agreement releasing the Plaintiff's claims against the Defendants in 2010 set this case apart. Plaintiff's attempt to distinguish *Awolesi v. Shinseki* is unavailing and does not change that fact. The Court finds the following passage in Awolesi persuasive:

> Plaintiff, however, argues that the facts that were the subject of the settlement should be considered as background evidence in this case. *See* Pl. Mem. of Law at 10, citing *Jute v. Hamilton Sunstrand Corp.*, 420 F.3d 166 (2d Cir. 2005).
>
> *Jute* relates to a court's consideration of time-barred conduct, for which a plaintiff can no longer seek relief, as background evidence in a retaliation claim. In contrast, here, Plaintiff requests that this Court consider facts that were the subject of a settlement agreement, which Plaintiff knowingly and willingly entered into, and for which Plaintiff already received relief, in the form of the settlement agreement. Therefore, *Jute*'s reasoning is not applicable to the instant case.

*Awolesi*, 2012 WL 527631, at *2; *see LaCourse v. HallKeen Management, Inc*., No. 2:10-cv-420-GZS, 2011 WL 3857149, at *13 (D. Me. Aug. 31, 2011), *report and recommendation adopted*, 2011 WL 4860058 (D. Me. Oct. 13, 2011) (complained of retaliatory acts predated and are subsumed in the Settlement Agreement and, hence, cannot serve as actionable adverse employment actions).

The Court has already found that an unpaid suspension qualifies as a "materially adverse" employment action sufficient to dissuade a reasonable worker from engaging in protected activity. *See* DE 47 at 54. Based on the evidence in the record, the Court held that Plaintiff has raised a sufficient inference that Defendants' actions in suspending him were at least partially motivated by retaliatory animus. Plaintiff will now have to provide proof of such motivation at trial. "Courts have consistently held that one way to establish a claim of retaliation is to show that the complaining employee is treated differently than other employees who did not engage in a protected activity." *Conklin v. Cnty. of Suffolk*, 859 F. Supp. 2d 415, 433 (E.D.N.Y. 2012) (internal citation omitted); *see also Knight v. City of New York*, 303 F. Supp. 2d 485, 498-99 (S.D.N.Y. 2004); *DeCintio v. Westchester Cty. Med. Ctr.*, 821 F.2d 111, 115 (2d Cir. 1987) (holding that discrimination can be established "through other evidence such as disparate treatment of fellow employees who engaged in similar conduct"). Therefore, Plaintiff will be permitted to introduce evidence to support this contention. The areas Plaintiff's counsel is free to inquire about include, for example, Superintendent Johnston's acknowledgement that he covertly recorded his post-gas spill conversation with Plaintiff; Village Administrator Pogrell's testimony concerning that recording; Johnston's testimony that he spoke with Plaintiff's comparators following their respective incidents in leaking gasoline or spilling oil but not recording those conversations; Pogrell's testimony that this was the first instance where a spill had ever been investigated by the Village during her career, etc. Plaintiff will not be permitted to conduct an inquiry into Pogrell's May 2008 investigation nor may Plaintiff introduce any notes compiled during that investigation. These precluded matters apply equally to the Defendants. Should Defendants "open the door" on these issues, they do so at their own risk.

The Court expects that issues will arise regarding admissibility of certain documents or testimony as the trial progresses and those will be handled as they arise. In preparing their respective cases for presentation, however, counsel are expected to comply with the above directives to minimize any interruptions during the presentation of evidence.

**SO ORDERED.**

Dated: Central Islip, New York
February 24, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge